## HERMAN KUPFER, Plaintiff in Error, *v.* NICHOLAS MARC, Defendant in Error.

### ERROR TO LASALLE.

A bill of exchange to be paid in "funds current to-day," will be understood to be payable in funds current everywhere; either in coin, or paper money equivalent thereto.

THIS was an action of assumpsit, begun in the 'LaSalle County Court.

The declaration contained a special count upon the following instrument, a copy of which is set out in the body of the count:

"Exchange for $305.21.    .    PERU, ILL., May 16, 1861.
No. 14476.    At sight of this my first of exchange, (second unpaid,) pay to the order of R. G. Parks, Esq., three hundred and five and 21-100 dollars, in funds current to-day, value received, and charge to account of
    To *Hoffman & Gelpcke,* ⎱    NICHO'S MARC.
            Chicago, Ill." ⎰

Indorsed, " Pay H. Kupfer, Esq., or order. R. G. PARKS."
    Also the common counts.

The defendant filed a demurrer to the special count.

This demurrer was sustained.

The common counts were *nol. pros'd,* and the plaintiff abided by the demurrer.

Judgment rendered for defendant.

The following errors are assigned: In sustaining demurrer to special count; in rendering judgment for defendant; and in not giving judgment for plaintiff.

LELAND & BLANCHARD, for Plaintiff in Error.

A note payable "in the lawful *funds* of the United States," is payable in gold and silver. *Ogden* v. *Slade,* 1 Texas, 13.

If it be held that the writing is payable in currency, we answer that this court has decided that " by the term currency is understood bank bills or other paper money issued by authority, which passes as and for coin. *Swift et al.* v. *Whitney,* 20 Ill. 144.

The holder of this bill had a legal right to demand coin in payment of the same, unless it be proven that the words current funds " have a local signification."

A bill of exchange not specifically made payable in currency, is always payable in coin if the holder demands it.

A bill payable in " funds current " in New York, was held to be payable in gold and silver, or their equivalent, and therefore good as a bill of exchange. *Lay* v. *Holbrook*, 4 Ala. 88; *Carter* v. *Penn*, 4 Ala. 140.

Is this writing specifically made payable in currency? if so, such specification is found in the phrase " in funds current to-day." We have already argued that the word fund, as used in the writing, signifies money. Does it signify one kind of money to the exclusion of another? If it does, it must be gold and silver, as decided in the case before referred to, of *Ogden* v. *Slade*, 1 Texas, 13. 4 Ala. 88, 140; 20 Ill. 144.

A note payable in Arkansas money, is held in Arkansas to be payable in the current coin of the United States. *Wilbern* v. *Green*, 1 Eng. 255.

G. S. ELDREDGE, for Defendant in Error.

Do the words, "*funds current to-day*," *ex vi termini*, mean money—legal coin? Unless they do, the instrument is not a bill of exchange. Lexicographers attach no such meaning to the word " funds," nor does the law ; nor is there any such common definition of the word " funds," local or otherwise, as would warrant this court in giving the instrument the same legal effect as if expressly payable in coin. It is true, " funds " *may* mean legal coin, but it cannot be denied, we think, that it may *also mean bank notes ;* and " funds current to-day " may mean bank notes which may depreciate. If it may mean bank notes, it is not a negotiable instrument. The text books and the whole current of decisions are very decidedly against the position sought to be maintained on the part of the plaintiff, that an instrument drawn in the form of a bill of exchange, but payable in bank notes, is in law a bill of exchange, or even a promissory note. See Byles on Bills; Story on Bills; Story on Promissory Notes, sec. 18; Kent's

Com. (marginal paging) 76 ; *Hasbrouck* v. *Seamon*, 2 McLean, 10 ; *Fry* v. *Rousseau*, 2 McLean, 106 ; *Lieber* v. *Goodrich*, 5 Conn. 186 ; *Farwell* v. *Kennett*, 7 Mo. 595 ; *Thompson* v. *Sloan*, 23 Win. 71; *Gray* v. *Donnahoe*, 4 Watts, 400 ; *Cook* v. *Satterlee*, 6 Conn. 108; *Ontario Bank* v. *Lightbody*, 13 Wend. 101; *Scott* v. *Conover*, 1 Halst. 225; *McCormick* v. *Trotter*, 10 S. & R. 96; *Bradley* v. *Morris*, 3 Scam. 183.

The Supreme Court of Missouri, in *Farwell* v. *Kennett*, expressly hold that a bill payable in " currency " is not a bill of exchange.

A bill payable in Arkansas money held not a bill of exchange. *Hawkins* v. *Walker*, 5 Pike, 481.

A check drawn in New York upon a bank in Mississippi, payable in " current bank bills," held not negotiable. *Little* v. *The Phœnix Bank*, 7 Hill, 359 ; 3 Rich. 42 ; 2 Hill, 425 ; 8 Eng. 13.

Our statute, in reference to negotiable instruments, has no application to a bill of exchange. The legal effect and the liabilities of parties to a bill of exchange in this State, is governed wholly by the law merchant—which became and is a part of the common law—and under it, we have, as we think, clearly shown by the authorities, a bill of exchange cannot be drawn and made negotiable payable in " currency," " current funds," or bank notes. 16 Ill. 269.

CATON, C. J. The question in this case is, whether the following is a bill of exchange :

Exchange for $305.21. PERU, Ill., May 16th, 1861.

No. 14476. At sight of this my first of Exchange, (second unpaid) pay to the order of R. G. Parks, Esq.., three hundred and five 21-100 dollars in funds current to-day, value received, and charge to the account of

To HOFFMAN & GELFCKE,  
    *Chicago, Ill.*                 NICHL'S MARC.

It is the duty of the courts, as it is the policy of the law, to uphold the character of commercial paper which is made and designed for commercial purposes. Such was the undoubted design of this paper. It was made and designed for a medium of exchange, which is one of the most favorite purposes of commercial paper. We are not to go outside of the paper, and

by the aid of the imagination, quickened by the remembrance of a particular commercial crisis, imagine a state of things, in view of which we may suspect the paper was drawn, and which, if expressed on its face, would destroy its character as a bill of exchange, in the legal and commercial sense of that term. The bill is payable at sight, and dated within five hours' ride of the place of payment. It orders the payment of so many dollars " in funds current to-day." *Prima facie*, at least, this is payable in money. It is not necessary now to say, whether it would be competent on a special defense, to prove that those peculiar words had any particular meaning, either in Peru or Chicago, or anywhere else. The presumption, at least, is, that the funds here specified were the legal coin of the country, or its equivalent paper money which passed in transactions as cash. This does not say the payment shall be made in funds current in Chicago, or Peru, or any other particular place. For the purpose of upholding the character of this bill, which was designed and used as a bill of exchange, we may well understand it as funds current everywhere. We think the court below misunderstood the true character of this bill of exchange.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*